UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WARDELL ANDREWIN,

    Plaintiff,

v.

REENA ABRAHAM,

    Defendant.

Civil No. 10-3838 (DWF/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "1.) I was handcuffed to a stair railing not being attend to I was left there and fell down the stairs Everything is on camera. 1/5/08
> 2.) Reena Abraham was the Program Director an she agreed stating that was her procedure 1-11-08."

(Complaint, [Docket No. 1], p. 3, § IV.)

Based on these meager allegations, Plaintiff seeks relief as follows:

> "Do [sic] to the fact Ms. Abraham admentred [sic] this was her cuffing procedure, an A/W King agreed with me saying this was not the best plan of action, I would like to be rewarded $150,000 dollars."

(Id., § V.)

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), plaintiff's current complaint clearly fails to state any claim on which relief can be granted. The obvious deficiencies in the complaint include at least the following:

(1) The complaint does not describe any grounds for federal subject matter jurisdiction.

(2) The complaint does not describe any legal theory on which this action could be based.

2

(3)     The complaint does not describe any act or omission by defendant that could cause her to be liable to plaintiff under any legal theory.

(4)     The complaint does not describe any injury to plaintiff for which he could be compensated, nor does the complaint describe any potential future ham for which injunctive relief might be appropriate.

Because plaintiff's complaint plainly fails to state a cause of action on which relief could be granted in federal court, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The Court notes that plaintiff commenced a previous lawsuit in this District in which he tried to sue the same defendant named here. See Andrewin v. Abraham, Civil No. 08-5866 (DWF/JSM). The present case apparently is based on the same events that precipitated the previous case. In that other case, plaintiff sought relief under 42 U.S.C. § 1983, claiming that defendant violated his federal constitutional rights by negligently chaining him to a stair rail, while he was incarcerated in a Minnesota state prison. That case was dismissed, because the federal Constitution does not protect prisoners from negligent acts or omissions by state prison officials. (See Andrewin v. Abraham, Civil No. 08-5866 (DWF/JSM), Order dated October 23, 2009, [Docket No. 21], pp. 5-6.) If plaintiff were attempting to bring another § 1983 claim against defendant here, that claim would have to be summarily dismissed based on the doctrine of res judicata. If plaintiff were attempting to bring a common law negligence claim against defendant, then this action would have to be summarily dismissed for lack of subject matter jurisdiction. (See id., p. 7, n. 5.) Plaintiff cannot sue defendant under § 1983 for alleged negligence, and he cannot bring a common law negligence claim against defendant in federal court. If plaintiff wants to try to sue defendant for negligence, he will have to pursue that effort in state court, (and he will have to do a much better job of pleading his claim).

## **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 20, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 4, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.